IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 99-0363 MMC |
| Plaintiff, | **ORDER GRANTING REQUEST FOR AUTHORIZATION AS ASSIGNEE OF RECORD** |
| v. | |
| ALEXANDER LUSHTAK, | |
| Defendant. | |

Before the Court is the "Request [for] Authorization by Court to be Assignee of Record," filed April 29, 2011 by Judgment Recovery Specialist ("JRS"). No response has been filed by any party hereto. Having read and considered the request, the Court rules as follows.

On January 30, 2001, judgment was entered in the above-titled criminal action. In the judgment, the Court ordered defendant Alexander Lushtak to pay restitution in specified amounts to twenty-two victims, including $15,000 to Tatiana Shabanov,[1] $22,000 to Yuri Shabanov, and $550,000 to Edward Olshanetsky.

On August 27, 2010, JRS filed two separate documents titled Acknowledgment of Assignment. In the first of said filings, Tatiana Shabanov assigned to JRS her "rights, title

---

[1] Although the judgment lists said individual as "Tatyana Shabanov," the correct spelling of the first name, as she has indicated in subsequent filings, is "Tatiana."

and interest" in the judgment, and in the second, Diana Shabanov, who has assumed the rights of Yuri Shabanov under the judgment,[2] assigned to JRS her "rights, title and interest" in the judgment.  Thereafter, on January 18, 2011, JRS filed an Acknowledgment of Assignment, in which Edward Olshantesky assigned to JRS his "rights, title and interest" in the judgment.

By the instant request, JRS seeks an order recognizing that, in light of the above-referenced Acknowledgments of Assignment, JRS is the assignee of record of all said rights of Tatiana Shabanov, Diana Shabanov, and Edward Olshantesky under the judgment.

A party awarded restitution in a criminal judgment may assign his or her rights under the judgment to a third party.  See, e.g., United States v. Turner, 312 F.3d 1137, 1144 (9th Cir. 2002) (directing probation office to "honor as valid the [judgment creditor's] assignment of restitution" to third party).  As set forth above, JRS has adequately demonstrated the rights of Tatiana Shabanov, Diana Shabanov, and Edward Olshantesky under the judgment have been assigned to JRS.

Accordingly, the request is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: June 1, 2011

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] In prior filings, Diana Shabanov has represented that she is the daughter of Yuri Shabanov, and that Yuri Shabanov is deceased.  Where a person awarded restitution is deceased, "another family member" may "assume the victim's rights" under an order of restitution.  See 18 U.S.C. § 3663A(a)(2).

2